**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ESSEX BUILDERS GROUP, INC.,** ,

        **Plaintiff,**

-vs-                                      Case No. 6:06-cv-1562-Orl-31KRS

**AMERISURE INSURANCE COMPANY**
**and PENNSYLVANIA GENERAL**
**INSURANCE COMPANY,**

        **Defendants.**

## ORDER

This matter comes before the Court on the motion to dismiss (Doc. 20) filed by Defendant Pennsylvania General Insurance Company ("PGIC") and the response (Doc. 28) filed by the Plaintiff, Essex Builders Group, Inc. ("Essex").

**I.    Background**

In this diversity dispute, Essex alleges that PGIC issued several liability policies to it, that those policies were in effect when Essex acted as general contractor on the "Cypress Pointe" and "Harbortown" projects, and that the owners of those projects have sued Essex claiming damages from water intrusion. (Doc. 7 at 4-5). Essex alleges that PGIC received timely notice of both claims and that it satisfied all other conditions precedent, but that PGIC has breached the insurance policies by failing to defend or indemnify it in either case. (Doc. 7 at 4-6). More specifically, Essex alleges that PGIC denied coverage in regard to the claim on the Cypress Pointe project

(Doc. 7 at 5) and, while agreeing in principle to share defense costs associated with the claim on the Harbortown project, has failed to pay any of the invoices submitted to it (Doc. 7 at 6 n.8).

**II.      Standards**

In ruling on a motion to dismiss, the Court will take the complaint's allegations as admitted by the Defendant and will liberally construe them in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003); *see also U.S. ex rel. Carroll v. JFK Med. Ctr.,* 2002 WL 31941007, at *2 (S.D. Fla. Nov. 15, 2002) ("Court need not accept facts that are internally inconsistent, facts that run counter to facts which the Court may take judicial notice of, conclusory allegations, unwarranted deductions or mere legal conclusions"); *Harding v. Winn-Dixie Stores, Inc.*, 907 F. Supp. 386, 389 (M.D. Fla. 1995) ("the court will not accept conclusory allegations or legal conclusions masquerading as factual conclusions").

**III.     Analysis**

PGIC seeks dismissal of the two counts against it – Count II (Cypress Pointe claim) and Count IV (Harbortown claim) – on the grounds that Essex's cause of action against it has not yet accrued and that the policies at issue contain a "no action" clause that bars this suit until after the entry of judgment in the underlying suits.

PGIC's first argument is based on Essex's failure to allege any facts (such as the existence of a judgment) that would trigger PGIC's duty to indemnify Essex pursuant to the policies. In addition, PGIC points to cases holding that a cause of action for breach of an insurance contract does not accrue until judgment has been entered against the insured. However, the cases PGIC cites were all decided in the context of statute of limitations defenses by insurance companies. *See, e.g.*, *Grissom v. Commercial Union Ins. Co.*, 610 So. 2d 1299, 1309 (Fla. 1st DCA 1992) (stating general rule that in cases for breach of an insurer's duty to defend, "the time period for measuring *a statute of limitations* commences at the time a litigant's liabilities or rights have been finally and fully adjudicated") (emphasis added). None of the cited cases addresses the question of whether an insured who wishes to bring suit after a duty to defend has been breached may bring suit before all of its damages have been incurred – i.e., before the conclusion of the litigation.

More to the point, the Florida Supreme Court has held that parties to an insurance policy may seek a declaratory judgment regarding the existence of coverage or the duty to defend even before suit is filed against the insured. *Higgins v. State Farm Fire and Cas. Co.*, 894 So. 2d 5, 9 (Fla. 2004). And although Essex has not specifically requested a declaratory judgment in this case, its complaint is sufficient to avoid dismissal if it shows that Essex is entitled to any relief which this Court may grant. *See Dotschay v. National Mut. Ins. Co. of D.C.*, 246 F.2d 221, 223 (5th Cir. 1957) (reversing dismissal without prejudice of breach of contract claim against insurer where lower court had found that plaintiff should have brought declaratory judgment action instead).[1]

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

For its second argument, PGIC points to the following passage from its Commercial General Liability Form:

> 3. Legal Action Against Us
>
> No person or organization has a right under this Coverage Part:
>
> a. To join us as a party or otherwise bring us into a 'suit' asking for damages from an insured; or
>
> b. To sue us on this Coverage Part unless all of its terms have been fully complied with.
>
> A person or organization may sue us to recover on an agreed settlement **or on a final judgment against an insured obtained after an actual trial**; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

(Doc. 20-2 at 15) (emphasis added). Relying on the bolded text, PGIC argues that the "clear intent" of this provision is to "prohibit legal action against [PGIC] until either an agreed upon settlement has been reached or a final judgment has been entered." (Doc. 20 at 9). The Court disagrees. The passage in question clearly operates to permit a party other than the insured to sue PGIC after a settlement or the entry of judgment. However, it does not apply to the situation in this case, for several reasons. It is not clear whether it applies to an insured such as Essex or solely to third parties. And though the quoted text permits suits "to recover" under certain circumstances, it does not forbid such suits under other circumstances. And even if it did, a suit seeking declaratory relief – such as this one – would not warrant classification as a suit "to recover". Under Florida law, ambiguities in an insurance contract are construed against the

-4-

insurance company. *Taurus Holdings, Inc. v. U.S. Fidelity and Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005).

### IV.     Conclusion

Under both Florida law and the language of the policies at issue, Essex is at least entitled to pursue declaratory relief as to the existence of coverage and PGIC's duty to defend. As such, Defendant PGIC's motion to dismiss (Doc. 20) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 25, 2007.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party