**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ESSEX BUILDERS GROUP, INC., ,**

        **Plaintiff,**

-vs-                                                        Case No.  6:06-cv-1562-Orl-31KRS

**AMERISURE INSURANCE COMPANY,
PENNSYLVANIA GENERAL
INSURANCE COMPANY, CAMDEN FIRE
INSURANCE ASSOCIATION,
ONEBEACON INSURANCE COMPANY
and TRANSPORTATION INSURANCE
COMPANY**

        **Defendants.**
_____

**PENNSYLVANIA GENERAL
INSURANCE COMPANY,**

        **Counter Claimant,**

**vs.**

**ESSEX BUILDERS GROUP, INC.,**

        **Counter Defendant.**
_____

## ORDER

This matter comes before the Court on motions filed by the Plaintiff, Essex Builders Group, Inc. ("Essex"), seeking to strike a particular affirmative defense and dismiss a counterclaim filed by Defendant Camden Fire Insurance Association ("Camden") (Doc. 54), Defendant OneBeacon Insurance Company ("OneBeacon") (Doc. 55), and Defendant Pennsylvania General Insurance Company ("PGIC") (Doc. 56).  In each instance, the Defendant has asserted, as one of

its dozen or so affirmative defenses, that a particular policy provision dealing with recalled products, work, or impaired property precludes coverage for Essex's claims.  Essex contends that this exclusion is inapplicable in this case, as its claims arise from water intrusion at projects it worked on, rather than a recall.  However, the Court assumes the Defendants are familiar with Rule 11's requirements that all defenses be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," Fed.R.Civ.P. 11(b)(2), and that all allegations "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery," Fed.R.Civ.P. 11(b)(3).

The counterclaims are another matter.  Each defendant filed a counterclaim in the following form:

> 1. [Defendant] reasserts and incorporates by reference all averments set forth in the preceding paragraphs.
> 2. For the reasons set forth in paragraphs 1-16 of its Affirmative Defenses, [Defendant] is entitled to judgment that its policies provide no coverage to the plaintiff in connection with the ... claims.

This two-sentence counterclaim is then followed by a list of the declaratory judgments to which the Defendant claims entitlement – a list that is identical to one that followed each Defendant's dozen or so affirmative defenses.  This is insufficient.  If nothing else, a counterclaim that simply reasserts every word in the answer and in the affirmative defenses is a shotgun pleading, incorporating numerous assertions that cannot possibly have any relevance to a claim of entitlement to a declaratory judgment.  If these Defendants believe they are entitled to such a judgment, they will have to work a little harder and file a proper counterclaim.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion to Strike Camden's Eleventh Affirmative Defense and to Dismiss Camden Counterclaim (Doc. 54), the Motion to Strike OneBeacon's Twelfth Affirmative Defense and to Dismiss OneBeacon Counterclaim (Doc. 55), and the Motion to Strike PGIC's Eleventh Affirmative Defense and to Dismiss PGIC Counterclaim (Doc. 56) are **GRANTED IN PART** and **DENIED IN PART**. The counterclaims filed by Camden, OneBeacon, and PGIC are **DISMISSED WITHOUT PREJUDICE**. In all other respects, the motions are **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 26, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party