# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ESSEX BUILDERS GROUP, INC., ,**

                              **Plaintiff,**

**-vs-**                                              **Case No.  6:06-cv-1562-Orl-31KRS**

**AMERISURE INSURANCE COMPANY,
PENNSYLVANIA GENERAL
INSURANCE COMPANY, CAMDEN FIRE
INSURANCE ASSOCIATION,
ONEBEACON INSURANCE COMPANY
and TRANSPORTATION INSURANCE
COMPANY**

                              **Defendants.**
_____

**PENNSYLVANIA GENERAL
INSURANCE COMPANY,**

                              **Counter Claimant,**
**vs.**

**ESSEX BUILDERS GROUP, INC.,**

                              **Counter Defendant.**
_____

# ORDER

        This matter comes before the Court on the Motion for Attorney's Fees and Costs (Doc. 98)

filed by Defendant Pennsylvania General Insurance Company ("PGIC") and the response (Doc.

101) filed by the Plaintiff, Essex Builders Group, Inc. ("Essex").

## I.    Background

On October 6, 2006, Essex filed suit against PGIC and other insurers, alleging that they had breached liability insurance contracts by refusing to defend or indemnify Essex.  On February 9, 2007, PGIC served Essex with a $25,000 offer of judgment pursuant to Fla. Stat. § 768.79 ("Section 768.79").  Essex did not accept the offer of judgment.  On June 26, 2007, this Court entered an order finding that Essex's claims were moot and dismissing the complaint for lack of subject matter jurisdiction.

## II.    Standards

Florida's offer of judgment statute provides, in relevant part, that:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees . . . from the date of filing of the offer if the judgment is one of no liability.

Fla. Stat. § 768.79(1).  The offer of judgment must (1) be in writing and state that it is made pursuant to Florida Statute § 768.79; (2) name the party making the offer and name the party to whom the offer is made; (3) state with particularity the amount offered to settle a claim for punitive damages, if any; and (4) state the total amount of the offer.  Fla. Stat. § 768.79(2).

When determining the reasonableness of an award of attorney's fees under the statute, the court must consider, along with all other relevant criteria, the following factors:

1.    The then apparent merit or lack of merit in the claim.
2.    The number and nature of offers made by the parties.
3.    The closeness of questions of fact and law at issue.
4.    Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
5.    Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.

6.      The amount of the additional delay, cost, and expense that the person making
the offer reasonably would be expected to incur if the litigation should be
prolonged.

Fla. Stat. § 768.79(7)(b).  If the court finds that the offer was not made in good faith, the court may

disallow the award of fees and costs. Fla. Stat. § 768.79(7)(a).  The burden is on the offeree to

prove the absence of good faith.  *See Camejo v. Smith*, 774 So.2d 28, 29 (Fla. 2d DCA 2000);

*Schmidt v. Fortner*, 629 So.2d 1036, 1041 n. 6 (Fla. 4th DCA 1993).  Florida courts are to apply

Section 768.79 even when the substantive law of another state governs the underlying dispute.

*BDO Seidman, LLP, v. British Car Auctions, Inc.*, 802 So.2d 366, 369 (Fla. 4th DCA 2001).

## III.    Analysis

Because this matter is now on appeal, Essex contends that the Court lacks jurisdiction to

consider the instant motion.  As Essex points out, the filing of a notice of appeal divests a District

Court of jurisdiction with respect to any matters involved in the appeal.  *Diamond Waste, Inc. v.*

*Monroe County, Ga.*, 869 F.Supp. 944, 946 (M.D.Ga. 1994).  However, as the same case cited by

Essex points out, "a corollary to the general rule is that the district court will retain jurisdiction

over matters not involved in the appeal."  *Id.*  The issue of PGIC's entitlement to attorney's fees

has not previously been raised and therefore is not involved in the present appeal.  This court

therefore retains jurisdiction to decide the issue.

Because its complaint was dismissed for lack of subject matter jurisdiction, Essex argues

that PGIC has not met the minimum requirements for an award of attorney's fees under Section

769.79 – i.e., a judgment of no liability or the equivalent thereof via a dismissal with prejudice.[1]  It

---

[1]Florida's offer of judgment statute is not limited to cases in which judgment has been entered
in favor of the offeror.  Pursuant to Fla. Stat. § 768.79(6), the statute also applies "after voluntary or

is true that, under federal law, an involuntary dismissal for lack of subject matter jurisdiction is not a judgment on the merits.  Fed.R.Civ.P. 41(b).  However, even a case dismissed without prejudice has a preclusive effect on the jurisdictional issue litigated.  *See Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243 1248 (D.C. Cir. 1999); *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977) ("[W]hile a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to attack.").  Here, the Court found that it lacked subject matter jurisdiction because Essex had already received everything it was entitled to seek – i.e., that Essex had no claim and the case was moot.  The Court finds that, for purposes of Fla. Stat. § 768.79, this binding determination that Essex had no claim is the *equivalent* of a dismissal with prejudice, even though it resulted in a dismissal for lack of subject matter jurisdiction rather than a judgment on the merits.

Essex next contends that Section 768.79 is procedural and therefore governed by Local Rule 4.18, which requires the filing of a motion for attorney's fees within fourteen days of the entry of judgment.  Because the instant motion was filed 28 days after the case was dismissed, Essex contends it is untimely.  However, Essex is mistaken.  State statutes allowing for recovery of attorney's fees are substantive for purposes of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct.

---

involuntary dismissal".  The Florida Supreme Court has interpreted the terms "voluntary dismissal" and "involuntary dismissal" in Fla. Stat. § 768.79(1) to mean "a dismissal with prejudice so that the dismissal is the basis for a judgment of no liability as contemplated in [Fla. Stat. § 768.79(1)]."  *MX Investments, Inc. v. Crawford*, 700 So.2d 640, 642 (Fla. 1997).  *MX Investments* involved a voluntary dismissal by the plaintiff.  The Court's research has not uncovered a case in which a Florida appellate court has assessed the applicability of Section 768.79 where the plaintiff's claim was involuntarily dismissed for lack of subject matter jurisdiction.

817, 82 L.Ed. 1188 (1938) and are therefore applicable in cases, such as this one, where federal

jurisdiction is based on diversity of citizenship. *McMahan v. Toto*, 256 F.3d 1120 (11th Cir.

2001). Contrary to Essex's representation, *BDO Seidman, LLP v. British Car Auctions, Inc.*, 802

So.2d 366 (Fla. 4th DCA 2001) did not establish that Section 768.79 was procedural rather than

substantive. Rather, the *BDO Seidman* court merely held that Florida courts should apply Section

768.79 even if another state's substantive law governed the merits of the underlying dispute. *Id.* at

368 ("We conclude that, because the statute is clear, it should be applied without engaging in a

conflict of laws analysis.").[2] (The concurrence in *BDO Seidman* concluded that Section 768.79

was procedural for purposes of Florida choice of law, but neither it nor the majority in that case

contradicted the Eleventh Circuit's conclusion that the statute is substantive for purposes of *Erie.*)

Because Section 768.79 is substantive for present purposes, Essex's argument for applying Local

Rule 4.18 must fail.

 Essex also attempts to argue that PGIC's offer was not made in good faith. However,

Essex bases this argument on its contention that, on the date it was served with the offer of

judgment, it was not aware of the allocation of payments between the various defendants – i.e.,

which defendant was paying to defend or settle which liability – and it was therefore not in a

position to fairly evaluate PGIC's exposure. However, the knowledge Essex claims it lacked is not

relevant to the grounds on which its claims were dismissed. In other words, Essex did not need to

---

[2]In addition, and also contrary to Essex's representation, the *McMahan* court did not respond to the *BDO Seidman* decision by withdrawing its decision. (*BDO Seidman* was decided before the *McMahan* mandate issued, leaving the court free to withdraw or amend its already-published decision.) The court withdrew only that portion of its decision in which it had applied a conflict of laws analysis and, in its stead, applied Section 768.79. *McMahan v. Toto*, 311 F.3d 1077, 1081 (11th Cir. 2002).

know which defendant was paying to know that it had received everything to which it could be entitled, and that its claims were therefore moot.  Even accepting its contention *arguendo*, Essex has failed to establish that the offer was not made in good faith.  In addition, although Essex attempts to rely on its own lack of knowledge, the determination of whether an offer was served in good faith "turns entirely on whether the offeror had a reasonable foundation upon which to make the offer."  *Id.*  Essex makes no argument that PGIC lacked such a reasonable foundation.

Finally, Essex argues that PGIC has failed to provide sufficient support for the amount of fees it seeks.  The Court agrees.  PGIC's request for $66,983.91 in fees and costs is supported only by an affidavit from its attorney in which he avers that his firm's "invoices for costs and fees (not including any negotiated reductions) for services provided after February 9, 2007 are $90,670.91," of which "$23,687.00 represents costs and fees exclusively attributable to the defense of [codefendants]".  This is obviously not enough to allow Essex (or the Court) to assess the reasonableness of the fees and costs sought.[3]

On or before August 27, 2007, PGIC shall submit documentation in support of the reasonableness of the fees and costs it seeks pursuant to its offer of judgment.  By the same date, PGIC shall also submit a legal memorandum, not to exceed ten pages, addressing (at a minimum) the factors enumerated in Section 768.79(7)(b) and its ability to recover the "multi-client" fees – i.e., the fees for work done by counsel for PGIC that also benefitted PGIC's co-defendants.  Essex shall file a response and any supporting documentation on or before September 10, 2007, subject

---

[3]The Court also notes that, because of the ambiguous language employed, it is impossible to know whether the "negotiated reductions" have been eliminated from the amount of costs and fees sought here.

to the same page limit.  If Essex wishes an evidentiary hearing on this issue, it should so indicate in its response.

**IV.      Conclusion**

      In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion for Attorney's Fees and Costs (Doc. 98) filed by Defendant Pennsylvania General Insurance Company is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** as to PGIC's entitlement to reasonable attorney's fees under Section 768.79 and **DENIED WITHOUT PREJUDICE** as to the amount of attorney's fees to be awarded.

      **DONE** and **ORDERED** in Chambers, Orlando, Florida on August 16, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party