**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ESSEX BUILDERS GROUP, INC., ,**

        **Plaintiff,**

-vs-                                                                                    Case No.  6:06-cv-1562-Orl-31KRS

**AMERISURE INSURANCE COMPANY, PENNSYLVANIA GENERAL INSURANCE COMPANY, CAMDEN FIRE INSURANCE ASSOCIATION, ONEBEACON INSURANCE COMPANY and TRANSPORTATION INSURANCE COMPANY**

        **Defendants.**
_____

**PENNSYLVANIA GENERAL INSURANCE COMPANY,**

        **Counter Claimant,**

**vs.**

**ESSEX BUILDERS GROUP, INC.,**

        **Counter Defendant.**
_____

# ORDER

This matter comes before the Court on the Motion for Attorney's Fees and Costs (Doc. 98) filed by Defendant Pennsylvania General Insurance Company ("PGIC"), which was granted as to entitlement by order dated August 16, 2007. (Doc. 102). The Court requested documentation in support of the reasonableness of PGIC's request for fees and costs, which PGIC provided on August 27, 2007 in the form of a 10-page memorandum (Doc. 103), a 2-page affidavit from lead

attorney William F. Stewart (Doc. 103-2), and approximately 65 pages of pages of time entries for services rendered by Stewart's firm (Doc. 103-3).[1]  The Court has also considered the response to that documentation (Doc. 104) filed by the Plaintiff, Essex Builders Group ("Essex"), and PGIC's reply (Doc. 107) to that response.

Stewart's firm represented PGIC and two other defendants in this case – apparently sister entities – Camden Fire Insurance Association ("Camden") and OneBeacon Insurance Company ("OneBeacon").  Only PGIC is entitled to recover its fees and costs, as neither Camden nor OneBeacon served an offer of judgment pursuant to Florida Statute §768.79, as PGIC did.  However, some of the fees and costs expended by Stewart's firm provided benefits to entities other than (or in addition to) PGIC.

According to PGIC, Stewart's firm provided $107,788.34 in fees and costs between February 9, 2007,  the date on which the offer of judgment was served, and June 27, 2007, the last date on which the firm incurred fees related to the substantive portion of this case.  (Doc. 103 at 3).  Of that initial sum, PGIC has removed amounts totaling $8,861.00 for various reasons.

Of the remaining $98,927.34, $23,644.38 represents expenditures (according to PGIC) attributable solely to PGIC.  $13,985.00 represents expenditures attributable solely to Camden or OneBeacon, which PGIC does not seek to recover.  $44,380.46 is alleged to have provided a "general benefit", while $16,917.50 provided "some specific benefit" to PGIC, OneBeacon and

---

[1] Along with the time entries, PGIC inadvertently included a copy of an unserved offer of judgment.  (Doc. 103-3 at 2-4).  Essex included a copy of the correct offer of judgment to its original motion.  (Doc. 98-2 at 2-4).

Camden.  PGIC seeks to recover the entirety of the $44,380.46 and one-third of the $16,917.50.

Thus, the starting point for PGIC's fee and cost request is as follows:

$23,644.38    (amount attributable solely to PGIC) +

$44,380.46    (amount that provided general benefit) +

 $5,639.16     (1/3 of the amount specifically benefitting PGIC, Camden and OneBeacon)

$73,644.00    Subtotal, less

$12,000.00    (negotiated fee reduction)

$61,644.00

PGIC contends that the fees and costs it seeks meet the criteria for reasonableness set forth in Florida's offer of judgment statute:

    1.    The then apparent merit or lack of merit in the claim.
    2.    The number and nature of offers made by the parties.
    3.    The closeness of questions of fact and law at issue.
    4.    Whether the person making the offer had reasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
    5.    Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting non-parties.
    6.    The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

Fla. Stat. § 768.79(7)(b).  The statute also compels the Court to consider "all other relevant criteria."  *Id.*

Essex does not phrase its response in terms of the statutory factors, instead raising piecemeal objections to PGIC's request.  First, Essex argues that, despite having its suit dismissed with prejudice on subject-matter jurisdiction grounds, it was the prevailing party, not PGIC.  This argument does not warrant extended discussion.  Suffice it to say that the Court finds Essex is

-3-

entitled to prevail on this contention to the same extent that it prevailed on the merits – that is, not at all.

Based on PGIC's mistaken inclusion, in its documentation, of an unserved offer of judgment, Essex argues that the amounts sought here do not relate to the claim that was the subject of the offer and are therefore unrecoverable. As noted above, PGIC included a copy of the proper offer of judgment in its original motion and thus Essex was aware of the true basis for recovery here. Even if PGIC had not included a copy of the proper offer, Essex admitted that it knew that the offer of judgment underlying the motion – i.e., the one it actually received – was the one attached to the original motion for fees, not the one included in the latest documentation. *See* Doc. 104 at 2 n.2. Essex does not argue that the fees and costs are unrelated to the claim that was the subject of the proper offer.[2]

Essex also argues that PGIC has failed to show that it actually incurred the costs and fees it now seeks, due to an absence of a fee agreement and/or "sworn testimony that such services were rendered to PGIC," among other purported shortcomings. The Court sees no reason to require a copy of the fee agreement and, after review of the documentation and PGIC's memoranda, is satisfied that PGIC is obligated to pay the sums expended in defending the claims against it, even if another entity pays those sums initially.[3]

---

[2]The argument by Essex's counsel in this regard lacks the candor toward the Court expected of a member of the bar, and borders on being sanctionable.

[3]PGIC participates in a contractual pooling arrangement with other members of the OneBeacon Insurance Group, with OneBeacon Insurance Company administering claims against PGIC and charging the costs back to PGIC. (Doc. 107 at 2).

Essex argues that PGIC has failed to substantiate its claim in various ways. Essex contends that the hourly rates billed by Stewart's firm – $275 for partners, $185 for associates, and $95 for paralegals – are unsupported by expert testimony or other evidence as being within the prevailing market rate for Orlando. The undersigned has nearly 40 years' worth of experience in this market and has no difficulty concluding that these figures are at the low end of the currently prevailing market rate. Essex complains about redundant billing, but its examples only show where more than one attorney worked on a project (such as an answer or motion), not that they were duplicating one another's work or that the total time spent on the project was unreasonable. Essex does complain about PGIC spending 57.9 hours preparing an answer, affirmative defenses and counterclaim[4] to the Second Amended Complaint, but given the complexity and lack of governing case law regarding Essex's "confession of judgment" argument, the Court finds this was a reasonable expenditure of time.

Essex also seeks to have 8.8 of Stewart's hours struck as unrecoverable "travel time". PGIC responds that the time records show Stewart performed legal work during that time and simply happened to be traveling while doing so. The time records do indicate that Stewart prepared for and then summarized depositions while traveling to and from Orlando, but they are

---

[4] In arguing that the dismissal of PGIC's counterclaim precludes recovery of the attorney's fees incurred in regard to it, Essex cites (without explanation) to case law construing 42 U.S.C. §1988 – the federal Civil Rights Attorney's Fee Awards Act of 1976 – rather than Florida's offer of judgment statute. The rationales underlying these two statutes are entirely different. An award of fees under Section 1988 requires success on the merits, and therefore it is logical to only award fees for successful arguments. Under Fla. Stat. § 768.79, a party can lose on the merits and still be entitled to fees if the judgment varies from the offer by at least 25 percent. As such, it makes no sense to limit fee awards under Fla. Stat. § 768.79 to "successful" arguments. For the same reason, Essex's argument that PGIC cannot recover for the hours expended on an unfiled motion to dismiss must fail.

ambiguous as to what portion of the trips were spent working, as opposed to merely traveling. Due to the lack of clarity, the Court will strike 4.4 hours of Stewart's time.[5]

Finally, the Court must consider how to allocate the expenditures that benefitted OneBeacon and Camden as well as PGIC. PGIC seeks the entirety of the $44,380.46 that provided, in its estimation, a "general benefit," and one-third of the $16,917.50 that allegedly provided a specific benefit to PGIC, OneBeacon and Camden.[6] PGIC analogizes the situation to one in which an insurer defends both an insured and a non-insured and must allocate between covered and non-covered defense costs. For its part, Essex argues that PGIC cannot recover time spent litigating on behalf of all three of these defendants, on the ground that statutes awarding attorneys' fees are in derogation of the common law and must be strictly construed.

Both parties recognize that there is little in the way of precedent to guide the Court on this point. After reviewing the briefs and the authorities they cite, the Court finds that the equities lie with PGIC. PGIC was one of the original defendants when this case was filed in October 2006, while OneBeacon and Camden were not added until March 2007, three months prior to dismissal with prejudice of the Second Amended Complaint. In addition, there is no requirement under Fla. Stat. § 768.79 that the fees and costs solely benefit the party making the offer to be recoverable.

---

[5]Essex also complains that PGIC improperly seeks to recover for time spent on clerical tasks. Although Essex lists five entries that purportedly cover clerical tasks, Essex never explains why those entries should be considered clerical (or which of multiple entries on the same day should be considered clerical) or spells out how many hours are at issue. This is plainly insufficient. Similarly, Essex complains that PGIC's request for costs runs afoul of, *inter alia*, 28 U.S.C. § 1920. Essex provides little explanation and no citation of authority that limits PGIC's recovery to that statute. The offer of judgment statute permits recovery of both fees and costs. Fla. Stat. § 768.79

[6] Essex does not dispute PGIC's characterization of these sums.

So long as the expenditure is reasonable, the fact that it benefits other parties is not disqualifying. Under these circumstances, permitting PGIC to recover all of the $44,380.46 that provided a general benefit and one third of the $16,917.50 that provided a specific benefit to PGIC, OneBeacon and Camden is reasonable.  Thus the Court finds that PGIC is entitled to recover the $61,644.00 it now seeks less 4.4 hours of Stewart's time ($1,210.00), for a revised total of $60,434.00.

The Clerk is **DIRECTED** to enter judgment in favor of Pennsylvania General Insurance Company  and against Essex Builders Group in the amount of $60,434.00

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 10, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party